

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas.

Dear Sir:

Opinion No. 0-5028
Re: Construction of the term
"municipal taxes" as used
in Sec. 2, Art. 7336f,
V. A. C. S.

Your letter of December 15, 1942, requesting
the opinion of this department as to whether the term
"municipal taxes" as used in Section 2, Article 7336f,
V. A. C. S., includes common school district, road
district and other political subdivision taxes, reads,
in part, as follows:

"Section 2 of Article 7336f reads in part
as follows:

"'Any county having as many as two years'
taxes delinquent which have not been included
in the delinquent tax record, the Collector
of taxes shall within two years from the ef-
fective date of this Act, cause to be compiled
a delinquent tax record of all delinquent taxes
not barred by this Act; the delinquent record
shall be examined by the Commissioners' Court
and the Comptroller or governing body, cor-
rections may be ordered made, and when found
correct and approved by them, payment for the
compilation thereof shall be authorized by
actual cost to the Tax Collector, proportion-
ately from each the State and County taxes,
or municipal taxes, first collected from such
record, . . .'

"I will thank you to advise this department
whether the term 'municipal taxes' as used in
this statute is sufficiently broad to cover
or does cover common school district taxes,
road district taxes, drainage district taxes,
and other similar political subdivision taxes.
That is, are such district taxes to bear
their proportionate part of the cost to the
tax collector for compiling the delinquent
tax record?"

Article 7254, R. C. S., reads as follows:

Hon. George H. Sheppard, Page 2

"The tax collector shall be the receiver and collector of all taxes assessed upon the tax list in his county, whether assessed for the State or county, school, poor house or other purposes; and he shall proceed to collect the same according to law, and place the same when collected to the proper fund, and pay the same over to the proper authorities, as hereinafter provided."

It is clear that said Article 7254 contemplates that the tax collector shall not only collect county and State taxes but "all taxes upon the tax list in his county" and State, county, school, poor house and taxes for other purposes are specifically enumerated. It seems equally clear that in passing that portion of Article 7336f, which is quoted in your letter, the Legislature intended that the tax collector should cause to be compiled a delinquent tax record of "all delinquent taxes" not barred by the Act, appearing upon the tax list of his county, the cost of which compilation should be paid proportionately "from each the State and county taxes, or municipal taxes first collected from such record". We are, therefore, of the opinion that each district or political subdivision whose delinquent taxes appear upon the State and county rolls should pay its proportionate part of the cost of compilation of the record as set out in the Statute.

This conclusion is strengthened by reason of the language employed by the Legislature in the closing sentence of Sec. 2, Art. 7336f, which reads as follows:

"Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collecte from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided."

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Fowler Roberts
Assistant

APPROVED JAN. 9, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWF, Chairman

jrb